IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CLAY CALDWELL, | ) |
| | ) |
| Plaintiff, | ) Civil Action No. 11-1001 |
| | ) |
| vs. | ) |
| | ) |
| THE DEPT. OF CORRECTIONS | ) Judge Terrence F. McVerry/ |
| AGENCY; SECRETARY JOHN WETZEL; | ) Magistrate Judge Maureen P. Kelly |
| DORINA VARNER; JOSEPH F. MAZ- | ) |
| URKIEWICZ; TREVOR WINGARD; | ) |
| JAMES SCEKERS; TONI M. COLLAND; | ) |
| ANDREA WEIMER; KANDACE | ) |
| GETTINS; ROBERT BUSSARD; | ) |
| F. BAKER; O'NEIL; J. BEERS; | ) |
| SULLENBERGER; PARKER; KERRY | ) |
| KINNAN; T. LACEY; KARMIZEN; | ) |
| WILLIAM BROWN; GEORGE A. | ) |
| KUZILLA, Jr.; KERRY S. VANCE; | ) |
| B. WEAVER; COLLINS; KIM A. COOK; | ) |
| and JOHN W. PECK, | ) |
| | ) |
| Defendants. | ) |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

## I. RECOMMENDATION

It is respectfully recommended that the Plaintiff's Application for Leave to Proceed In Forma Pauperis (ECF No. [1]) be denied.

## II. REPORT

Clay Caldwell, ("Plaintiff"), assigned Inmate Number EM-2163, is currently a prisoner in the State Correctional Institution at Greensburg ("SCI-Greensburg"). He has filed an application to proceed *in forma pauperis* ("IFP") in order to prosecute a civil rights action against twenty five defendants. However, because Plaintiff has acquired "three strikes" he cannot proceed IFP in the present case.

It is a plaintiff's burden to prove entitlement to IFP status. See White v. Gregory, 87 F.3d 429, 430 (10th Cir. 1996); New Assessment Program v. PNC Corp., NO. CIV.A. 95-6059, 1995 WL 592588, at *1 (E.D. Pa. Oct. 3, 1995); In re Lassina, 261 B.R. 614, 618 (E.D. Pa. 2001) ("The applicant bears the burden of proving her entitlement to IFP relief by a preponderance of the evidence.").

This Court takes judicial notice of court records and dockets of the federal courts located in the Commonwealth of Pennsylvania as well as those of the united States Court of Appeals for the Third Circuit. DiNicola v. DiPaolo, 945 F. Supp. 848, 854 n.2 (W.D. Pa. 1996) (court is entitled to take judicial notice of public records). A review of the electronic dockets of these courts reveal that Plaintiff has accumulated at least "three strikes" within the contemplation of 28 U.S.C. § 1915(g)[1] which provides in relevant part that

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

In this case, Plaintiff is a "prisoner" within the meaning of 28 U.S.C. § 1915(g).[2] Plaintiff's three strikes are as follows: 1) Caldwell v. Folino, No. 09-cv-217 (W.D. Pa., ECF No. [16] (R&R recommending pre-service dismissal for failure to state a claim), and ECF No. [21] (Memorandum Order adopting R&R)); 2) Caldwell v. Fogel, No. 08-cv-728 (W.D. Pa., ECF No. [56] (Memorandum Opinion and Order dismissing complaint for failure to state a claim)); and

---

[1] Abdul-Akbar v. McKelvie, 239 F.3d 307, 310 (3d Cir. 2001) (noting that 28 U.S.C. § 1915(g) is "popularly known as the 'three strikes' rule"), cert. denied, 533 U.S. 953 (2001).

[2] The term prisoner as used in Section 1915 means "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915(h).

3) Caldwell v. Beard, No. 07-cv-727 (W.D. Pa., ECF No. [62] (R&R recommending dismissal for failure to state a claim), and ECF No. [66] (Memorandum Order adopting R&R)), *aff'd*, No. 08-3286 (3d Cir. 4/27/2009).  Accordingly, because Plaintiff has at least three strikes he may not proceed IFP.  Nor has Plaintiff alleged anything in the complaint that would merit the grant of IFP even in those cases of prisoners who have three strikes.

Because Plaintiff herein has failed to allege anything that would permit him to proceed IFP, the IFP motion should be denied.  If the District Court adopts this recommendation, Plaintiff, of course, may thereafter pay the entire filing fee within a time certain or face dismissal of the complaint for failure to prosecute.

### III. CONCLUSION

Pursuant to the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72 of the Local Civil Rules, the parties are allowed to file objections by September 1, 2011.  Failure to timely file objections will constitute a waiver of any appellate rights.  Brightwell v. Lehman, 637 F.3d 187, 193 n.7 (3d Cir. 2011).

                                          _____
                                          Maureen P. Kelly
                                          U.S. Magistrate Judge

Dated:  August 15, 2011

cc:    The Honorable Terrence F. McVerry
        United States District Judge


        CLAY CALDWELL
        EM-2163
        S.C.I. Greensburg
        165 SCI Lane
        Greensburg, PA 15601-9103